UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

IN RE:

HAROLD S. DAVIS, JR. AND )
TERRI ANN DAVIS, )
DEBTORS )
 )
v. ) NO. 2:04-CV-426
 )
EASTMAN CREDIT UNION, )
APPELLANT )

## MEMORANDUM OPINION

On September 9, 2004, Judge Marcia Phillips Parsons of the United States Bankruptcy Court for the Eastern District of Tennessee at Greeneville, granted appellant Eastman Credit Union's [Eastman] motion for relief from the automatic stay put in place after appellees Harold and Terri Davis [the Davises] filed bankruptcy in June 2004. Eastman requested relief because the Davis' bankruptcy statements of intention did not state whether they would reaffirm or redeem the properties which were collateral for debts owed to Eastman. The Davises planned to continue making payments on the collateral and keep it. As stated by the bankruptcy court, at issue in the case is whether, pursuant to 11 U.S.C. § 521(2),"a debtor who is current on his secured debt can retain the collateral of a secured creditor simply by continuing to make contractual payments on the debt." The bankruptcy court concluded that "11

U.S.C. § 521(2) interpreted in light of the Sixth Circuit Court of Appeal's decision in *General Motors Acceptance Corp. v. Bell (In re Bell)*, 700 F.2d 1053 (6th Cir. 1983) does not permit" a debtor to retain the collateral through continued payments. On September 17, 2004, the Davises filed a notice of appeal of the bankruptcy court's decision with this court. Presently before this court is the Davis' appeal.

As mentioned above, the task before this court is to interpret 11 U.S.C. § 521(2). Pursuant to the statute, if a debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate, he has the duty within a specific time frame to:

> (A) . . . file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
> (B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and
> (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title.

It is a fairly settled matter of law under the statute that an individual filing under Chapter 7 who has consumer debts secured by property of the estate must file a

2

statement of intent concerning whether he wants to retain or surrender such property. The clarity of the statute enters the realm of debate, however, with the phrase "if applicable" in section (A). The debtor must, "if applicable, specif[y] that such property is claimed as exempt, that [he] intends to redeem such property, or that [he] intends to reaffirm debts secured by such property." As the Third Circuit questioned:

> Do those words merely indicate that the three options- exemption, redemption, and reaffirmation -are relevant when a debtor intends to retain and not applicable when a debtor chooses to surrender the collateral? If so, section 521(2)(A) sets out an exhaustive set of retention options. Or does "if applicable" mean "if" the debtor wishes to choose any of the three options that follow on its heels, i.e., when redemption, reaffirmation, and exemption "apply," that intention must be specifically stated? If the latter construction is correct, then section 521(2)(A) leaves available other methods of retention, such as by keeping the loan current.

*Price v. Del. State Police Fed. Credit Union (In re Price)*, 370 F.3d 362, 370 (3rd Cir. 2004).

The Sixth Circuit has yet to rule on the interpretation of the "if applicable" phrase in 11 U.S.C. § 521(2). The other circuits that have ruled on the phrase's meaning have been almost evenly divided.[1] The closest the Sixth Circuit has come

---

[1] The following circuits have found that the "if applicable" phrase allows debtors to choose other options, like the Davises attempted to do: second [*Boodrow v. Capital Communications Fed. Credit Union (In re Boodrow)*, 126 F.3d 43 (2nd Cir. 1997)]; third [*In re Price*, 370 F.3d 362]; fourth [*Home Owners Funding Corp.*

3

to ruling about 11 U.S.C. § 521(2)(A) was in *In re Bell* when the court held that "redemption and reaffirmation constituted the exclusive methods to which [chapter 7 debtors] could retain possession of the secured collateral." 700 F.2d at 1058. The case did not concern 11 U.S.C. § 521(2)(A) because it had yet to be enacted. Instead, the court looked at the language of 11 U.S.C. § 722, which reads:

> An individual debtor may . . . redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such item.

The Sixth Circuit based its decision on the statute's legislative history as well as the "overall statutory scheme" of chapter 7. *Id.* at 1055-57. Except in two cases, the lower courts in the Sixth Circuit have relied on *In re Bell* in stating that a debtor is not able to retain his collateral and continue making contractual payments after his

---

*of Am. v. Belanger (In re Belanger)*, 962 F.2d 345 (4th Cir. 1992), ninth [*McClellan Fed. Credit Union v. Parker (In re Parker)*, 139 F.3d 668 (9th Cir. 1998)], and tenth [*Lowry Fed. Credit Union v. West*, 882 F.2d 1543 (10th Cir. 1989)]. To the contrary, the following circuits have found that the exemption, redemption, and reaffirmation are the only options available for a debtor who wishes to retain property which is collateral for a consumer debt: first [*Bank of Boston v. Burr (In re Burr)*, 160 F.3d 843 (1st Cir. 1998)], fifth [*Johnson v. Sun Fin Co. (Matter of Johnson)*, 89 F.3d 249 (5th Cir. 1996)], seventh [*Matter of Edwards*, 901 F.2d 1383 (7th Cir. 1990)], and eleventh [*Age Fed. Credit Union v. Taylor (In re Taylor)*, 3 F.3d 1512 (11th Cir. 1993)].

4

Case 2:04-cv-00426   Document 5   Filed 09/30/05   Page 4 of 6   PageID #: 4

bankruptcy discharge. *See, e.g., Schmidt v. Old Kent Bank & Trust Co. (In re Schmidt)*, 145 B.R. 543, 544-45 (Bankr. W.D. Mich. 1992) and *In re Whitaker*, 85 B.R. 788, 791 n.6 (Bankr. E.D. Tenn. 1988).

The bankruptcy court concluded that under 11 U.S.C. § 521(2)(A), a debtor must indicate whether he will retain or surrender secured property and, if he opts to retain, he must then choose from among the three options of exemption, redemption, or reaffirmation. This court concurs with the decision that was reached. The holding of *In re Bell*, the cases that relied on the holding of *In re Bell*, and the language of the statutes that follow compel this result. The holding of *In re Bell* and the cases that followed it have been discussed above. Immediately following 11 U.S.C. § 521(2)(A), 11 U.S.C. § 521(2)(B) requires in mandatory language that the debtor perform his stated intention within 45 days of the filing of a notice of intent. It is highly unlikely that the debtor would be able to retain his collateral and keep the payments current in just a month and a half. Thus, the language of 11 U.S.C. § (2)(B) clearly does not foresee an option of retention.

After careful consideration of the entire record of proceedings related to this case and for the reasons stated above, the Davis' appeal is denied, and this action will be dismissed.

An appropriate order will follow.

5

Case 2:04-cv-00426   Document 5   Filed 09/30/05   Page 5 of 6   PageID #: 5

ENTER:

                                                       s/Thomas Gray Hull
                                                      THOMAS GRAY HULL
                                                           SENIOR U. S. DISTRICT JUDGE

6

Case 2:04-cv-00426   Document 5   Filed 09/30/05   Page 6 of 6   PageID #: 6